# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST

| | |
|---|---|
| CGI FEDERAL INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-355C |
| ) | (Judge Williams) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S STATUS REPORT

Pursuant to the Court's April 2, 2015, order, defendant respectfully provides this status report.  The Government will not seek review of the March 10, 2015, decision of the United States Court of Appeals for the Federal Circuit in this case.  Also, based upon the Federal Circuit's decision, the Government will not oppose the following injunction once the Federal Circuit issues the mandate:

> Defendant, the United States, its officers, agents, and employees, are hereby enjoined from placing orders pursuant to Request for Quotation Nos. RFQ-CMS-2014-Region 1, RFQ-CMS-2014-Region 2, and RFQ-CMS-2014-Region 4, until the Center for Medicare & Medicaid Services (CMS) complies with Part 12 of the Federal Acquisition Regulation (FAR) with respect to the payment terms.

This order would enjoin CMS from placing orders pursuant to the request for quotations at issue until it complies with the regulations that the Federal Circuit held that CMS had violated with respect to the payment terms.

After discussing this proposed language with counsel for plaintiff, CGI Federal Inc. (CGI), it is our understanding that CGI intends to seek an injunction that would further restrict CMS's lawful discretion, including requiring CMS to re-open the competition and provide additional contractors, including CGI, the opportunity to submit quotes.  But CMS could comply

with FAR Part 12 with regard to the payment terms without re-opening the competition.  For example, CMS could decide to keep the same payment terms and obtain a waiver pursuant to 48 C.F.R. § 12.302(c).  The Court should not infringe upon the agency's lawful discretion.  *See Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1384 (Fed. Cir. 2009) (citation omitted) ("The Supreme Court has warned against undue judicial interference with the lawful discretion given to agencies."); *Parcel 49C Ltd. Partnership v. United States*, 31 F.3d 1147, 1154 (Fed. Cir. 1994) (clarifying that although it was upholding this Court's injunction overturning the cancellation of a solicitation, "the Government retains the power to proceed with its award process or to terminate the award process for any legal reason."); *ATA Def. Indus., Inc. v. United States*, 38 Fed. Cl. 489, 509 (1997) ("It is important to stress that this court is not requiring defendant to conduct the new procurement in any particular way.  The court is merely enjoining continued performance of a legally defective procurement.").

Indeed, at oral argument in this case, CGI recognized that an injunction limiting the agency's lawful discretion is not permissible.  In response to a question regarding the parameters of an injunction, CGI counsel stated:

> The parameters of our injunction would be to enjoin CMS from making any awards under the current – the instant RFQs and to *order them to go back and take whatever action they need to take to -- whatever action that they decide they can take* – here's the – here's -- I'm listening to the -- what they've said in their brief, and what they said in their brief was, listen, we might go back and -- and do the market research we haven't done and see how different these terms are from customary commercial practice and decide if we want to pursue a waiver or not.
>
> *If they can do that within the confines of the law, then that's something that we can't argue they couldn't do*, as long as they can -- as long as the law permits them to do that. So, I think the way that I would frame it if I were Your Honor, I would frame it as we are *enjoining any award under the instant RFQs, and we remand it to the agency for actions consistent with the terms of our opinion.*

2

Dkt. No. 58, p. 77-78 (emphasis added).  This is effectively the injunction we have proposed.

The only violation of law the Federal Circuit found in this case was that the payment terms did not comply FAR Part 12.  Accordingly, the injunction should be limited to enjoining the placement of orders pursuant to the RFQs at issue until CMS complies with Part 12 with regard to the payment terms.[1]

We are open to further briefing on this issue if the Court deems it necessary.  We proposed a briefing schedule to CGI, but CGI has taken the position that this issue does not merit further briefing.

---

[1] Of course, if CMS obtained a waiver, maintained the payment terms in the RFQs, and CGI believed that waiver was irrational, it could protest the waiver decision.  *See, e.g.*, *U.S. Foodservice, Inc. v. United States*, 100 Fed. Cl. 659 (2011).

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Kirk Manhardt
KIRK MANHARDT
Deputy Director


s/ William P. Rayel
WILLIAM P. RAYEL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C.  20044
Tel. (202) 616-0302
Fax. (202) 307-0972
E-mail: William.Rayel@usdoj.gov

Dated: April 22, 2015